WILLIAM SAMPSON and others, *v.* SERENUS SWIFT.

BENNINGTON,
*February,*
1839.

If the court of chancery impose terms upon a party under their rules, and the solicitor of the party amerced promise the solicitor of the other party, that he will pay the amount imposed, if he will consent to the entry, "terms complied with," such promise is upon sufficient consideration, and is not required, by the statute of frauds, to be in writing.

An action to enforce such contract may be brought in the name of the party, for whose benefit the terms were imposed, and the declaration may be as upon a promise made to him, although no communication was had with defendant, except by plaintiff's solicitor.

THIS was assumpsit on the promise of the defendant to pay terms imposed by the court of chancery for the continuance of a cause pending in that court. The defendant was solicitor for one Silas Sutherland, the orator in that case, and the present plaintiffs were defendants. Plea, general issue and trial by the court.

On the trial in the county court, the plaintiff, in support of his declaration, produced the docket of the court of chancery, by which it appeared, from the clerk's minute thereon, that the terms were imposed, and there was a further minute on the docket of "terms complied with." The plaintiff then offered to prove, in support of the promise set forth in his declaration, that after the terms were imposed, the defendant promised D. Roberts, the solicitor of the then defendants, that he would pay the amercement if the said Roberts would inform the court that the terms were complied with. The court then were so informed, and the cause was continued. But it did not appear from any testimony, other than as above stated, that any promise was made to the then defendants, or that they were in any wise mentioned or referred to, or that they were even present in court. This testimony was objected to, by the defendant, but admitted by the county court, and judgment thereupon rendered for the plaintiffs.

The defendant excepted.

*Defendant, pro se.*

*D. Roberts, jr.,* for plaintiffs.

The opinion of the court was delivered by

REDFIELD, J.—Three questions are submitted for the consideration of the court.

Will any action lie upon the defendant's promise? We are

clear that there will. It is said there is no sufficient consideration for the contract. A legal consideration is defined to be some act, which is a benefit to the person contracting, or an injury, or the foregoing of some advantage, by the other party to the contract. There can be but little doubt, that both these ingredients enter into the consideration of the present contract. It is further contended that this promise of the solicitor is within the statute of frauds, being for the debt of another. The imposing of terms by courts, under their rules of practice, creates no debt upon the party amerced, unless he elects to be bound by a special promise, and the other party is content to accept that in lieu of payment. No one, then, except the person promising, was ever bound by the contract. It could not, of course, be a promise for the debt of another.

The remaining objections seem to resolve themselves into the single question, whether the promise of the defendant to Mr. Roberts, under the circumstances, is to be considered a promise to the plaintiffs. It was well known that Roberts was acting merely on behalf of the plaintiffs, and that the terms were imposed, and defendant's promise made for their ultimate benefit. We think, then, it was competent for plaintiffs to bring a suit in their own name, upon the promise. It may be true that the general powers of solicitors will not extend to contracts of this character. But if the client sees fit to give such authority, or to adopt such acts of the solicitor, it is no concern of the defendant. If one contract with a known agent, the suit must be brought in the name of the principal. *Gilmore* v. *Pope,* 5 Mass. R. 491. If the principal be unknown at the time of the contract, the suit may be brought in the name of either the principal or agent. *Hilliker* v. *Loop,* 5 Vt. R. 116, *Mantington* v. *Vernon,* 1 Petersdorff, 522. *Skinner* v. *Stocks,* 5 Com. Law R. 478.

Judgment is, therefore, affirmed.